09-2611-cv
Melie v. EVCI/TCI College Administration, et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of April, two thousand ten.

PRESENT: DENNIS JACOBS,
                    Chief Judge,
          AMALYA L. KEARSE,
          GUIDO CALABRESI,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
ORA MELIE,

          Plaintiff-Appellant,

          -v.-                          09-2611-cv

EVCI/TCI COLLEGE ADMINISTRATION, PETER
SLATER, SAYED AKHAVI and NANNETTE
JACOBS,

          Defendants-Appellees.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:            Anthony C. Emengo, on the brief,
                          Anthony Emengo, P.C.,
                          Williamsburg, NY.

APPEARING FOR APPELLEES:  Marjorie Kaye, Jr. (John A.
                          Snyder and Paul P. Parisi, on

the brief), Jackson Lewis LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Baer, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Plaintiff-appellant Ora Melie appeals from a judgment of the United States District Court for the Southern District of New York (Baer, <u>J.</u>), which granted defendants-appellees' motion for summary judgment. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"We review an award of summary judgment <u>de novo</u>, and will uphold the judgment if the evidence, viewed in the light most favorable to the party against whom it is entered, demonstrates that there are no genuine issues of material fact and that the judgment is warranted as a matter of law." <u>Global Network Commc'ns, Inc. v. City of New York</u>, 562 F.3d 145, 150 (2d Cir. 2009); <u>see also</u> Fed. R. Civ. P. 56(c)(2). Following <u>de novo</u> review in this case, we affirm the district court's grant of summary judgment.

As the district court determined, all of Melie's discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e <u>et seq.</u> ("Title VII") were time-barred, except for the one claim presented in Melie's February 27, 2007 Equal Employment Opportunity Commission ("EEOC") charge not previously presented in his September 25, 2006 EEOC charge. <u>See</u> <u>Soso Liang Lo v. Pan Am. World Airways, Inc.</u>, 787 F.2d 827, 828 (2d Cir. 1986) (per curiam) (requiring that where the allegations presented in serial EEOC charges are identical, a plaintiff must commence an action within 90 days of receiving the first EEOC right-to-sue letter); <u>see also</u> 42 U.S.C. § 2000e-5(f)(1) (requiring a plaintiff to commence an action within 90 days of receiving an EEOC right-to-sue letter).

For substantially the reasons stated by the district

court, we affirm the grant of summary judgment regarding Melie's discrimination claims brought under 42 U.S.C. § 1981 ("Section 1981") and the New York State Human Rights Law, N.Y. Exec. Law § 290 et seq. ("NYSHRL"). Even assuming that Melie could establish a prima facie case of discrimination, defendants proffered legitimate, non-discriminatory reasons for each of the purported adverse employment actions and Melie failed to present a genuine issue of material fact as to whether the reasons were pretexts for discrimination.

For substantially the reasons stated by the district court, we affirm the grant of summary judgment regarding Melie's retaliation claims brought under Title VII, Section 1981, and the NYSHRL. Melie cannot establish a prima facie case for his first reduction-based retaliation claim because he was first reduced to part-time status in August 2006, before any EEOC activity.[*] Even assuming Melie could establish a prima facie case for his second reduction-based retaliation claim, based on a reduction in May 2007, after he had filed EEOC complaints, or for his removal-based retaliation claims, defendants proffered legitimate, non-retaliatory reasons for again temporarily moving Melie to part-time status as well as for Melie's removal as a soccer coach and as an open house representative. Melie failed to present a genuine issue of material fact as to whether the reasons were pretexts for retaliation.

Melie's assertion that a Technical Career Institutes, Inc. ("TCI") official stated that Melie was excluded from participating in the open house because of his complaints against TCI does not present a genuine issue of material fact to be tried. Melie acknowledged in his deposition that the purpose of faculty participation in an open house was to

---

[*] Moreover, union grievances that do not complain of discrimination do not constitute a protected activity--the first element of the prima facie case. See Cruz v. Coach Stores, Inc., 202 F.3d 560, 566 (2d Cir. 2000) ("The term 'protected activity' refers to action taken to protest or oppose statutorily prohibited discrimination."); see also 42 U.S.C. § 2000e-3(a) ("It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter . . . .").

promote TCI and to persuade students to enroll and that he had repeatedly criticized TCI. "'A question of retaliation is not raised by a removal for conduct inconsistent with [the employee's] duties, unless its use as a mere pretext is clear.'" Matima v. Celli, 228 F.3d 68, 79 (2d Cir. 2000) (quoting Pendleton v. Rumsfeld, 628 F.2d 102, 108 (D.C. Cir. 1980)). Melie has proffered no evidence from which a rational juror could infer that his removal from the role of recruiter because of his criticisms was intended to punish him rather than to preserve TCI's ability to attract students.

The Local Civil Rights Restoration Act of 2005, N.Y.C. Local Law No. 85 (2005) ("Restoration Act"), requires that claims brought under the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 et seq. ("NYCHRL"), be evaluated separately from counterpart claims brought under federal and state law. See Loeffler v. Staten Island Univ. Hosp., 582 F.3d 268, 278 (2d Cir. 2009) (explaining that the Restoration Act "abolish[ed] 'parallelism' between the [NYCHRL] and federal and state anti-discrimination law"); Restoration Act § 7 (amending Section 8-130 of chapter one of title eight of the administrative code of the City of New York to read: "The provisions of this title shall be construed liberally for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title have been so construed."); id. § 1 ("Interpretations of New York state or federal statutes with similar wording may be used to aid in interpretation of [the NYCHRL], viewing similarly worded provisions of federal and state civil rights laws as a floor below which the [NYCHRL] cannot fall . . . .").

Prior to the issuance of our decision in Loeffler, the district court evaluated Melie's NYCHRL discrimination and retaliation claims under the same standard as Melie's federal and state counterpart claims. Under the Restoration Act and Loeffler, the NYCHRL claims should have been evaluated separately from their federal and state counterpart claims. However, we nevertheless affirm the grant of summary judgment on Melie's NYCHRL discrimination and retaliation claims because Melie's failure to present a

4

genuine issue of material fact regarding pretext dooms these claims under any standard.

We have considered all of Melie's contentions on this appeal and have found them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK